May it please the court, my name is Tim Trager and I represent the appellant Cellular 101, Inc. I'll reserve two minutes of my time for rebuttal. From the briefs this court's aware that the debate within the circuit's over whether a creditor's self-interest bars it from recovering administrative expenses under 11 U.S.C. Section 503 B.3.D. However, this court may not be the proper case for the court to join that debate and add its voice to that issue because under the facts of this case I don't think that issue is ever reached. 11 U.S.C. Section 503, as the court is aware, sets up two hurdles for a claimant to cross to recover its administrative expenses. The claimant must be a creditor and that creditor must make a substantial contribution to the estate to recover its expenses. Mr. Price trips over the first hurdle. He was not a creditor of the estate. The only basis for his claim to be a creditor was the fact that his name was placed upon the claim that was submitted to the court. However, that claim was based upon a breach of contract claim and Price was not a party to that contract. He simply filed a proof  He did file a proof of claim. Pardon? He did file a proof of claim. Price did not. Yes, he did file a proof of claim, but the proof of claim had one cause of action, saying breach of contract. I'm a creditor because Cell 101 breached a contract with me, but that contract It might be a disputed claim, but it's still a claim and he filed a proof of claim. Doesn't that call That puts him in the game, doesn't it? No, it does not. Under the theory of the Fifth Circuit, the Eleventh Circuit contributing to this state. I mean, if it wasn't for these folks, there would have been no there would have been no plan of reorganization. But we're talking about Price. Yeah. Price himself, Channel and Price submitted a joint claim. First Channel filed a claim. Then it was amended simply to add to add Price. There still would have been a plan without Price. Price wasn't necessary for the reorganization. He was simply added to the claim later, but he didn't have any basis for that. Well, did he have a disputed claim against the State? No, not at all. He had no disputed claim. He filed a claim, but there's a distinction between filing a claim which made prima facie, you know, give rise to some standing, but it is still his burden to go forward and demonstrate the validity of that claim. And under this particular plan, all of the those claims were going to be released and were, in fact, released under the plan. There was never an adjudication that Price actually was a creditor. And the bankruptcy court was well aware, as all the parties were, that Price was not a party to the very contract which was the basis of his claim. Only Channel was. So he trips over the first hurdle. Channel trips over the second hurdle. It did not make a substantial contribution to this estate. The only substantial contribution the Court identified was the $2 million funding which was used to fund the plan. But as the appellant or, excuse me, the Respondents admit, that money came from Price, not from Channel. And so Channel didn't make a substantial contribution. Did the debtor ever contest or take any action on the claim filed by Price? Yes, they did. When? What did they do? During a bankruptcy plan hearing, the entire issue of whether or not there was the claim was disputed came up. And it was admittedly not the normal way to propose the plan that they proposed. But did they contest the filing by Price of his claim? Yes. It was not a written contest because under the the reason there was no written objection to the claim was because during one of the many bankruptcy hearings that was held for the confirmation of this plan, the issue came up as to whether it was necessary at that point in time to file a written objection because the plan, if it were to be confirmed, would get rid of the claim in its entirety. But was the claim disallowed by the bankrupt estate? It was dismissed. It was released. But did the estate try to get rid of the claim formally in the bankruptcy proceedings? Yes. Because during the proceeding, it was agreed between the parties that the claim was objected to, and it was put onto the record that the claim was objected to, but there was no need at that point in time to file a written objection. So there was a stipulation on the record that the claim was objected to, but there was no need to file a written objection at that time because if the plan was confirmed, the claim would just disappear. But it was never adjudicated on its merits, nor was it ever addressed on its merits. It still was standing there. It was dismissed. So it was a filed claim. Yes. By the organization, it was dismissed. And that's the best in the facts, as I can see them. Yes. Okay. That is true. But just because it was a filed claim, it is still Mr. Price's burden to demonstrate on a prima facie basis that it was valid. If he had – if he was not a party to the contract, which was the basis of his claim, the fact that he just filed the claim doesn't make him a creditor magically. He wasn't a creditor. He was not a party to the contract which gave him on the basis of his claim. If we were to disagree with you, should we go with the Third and the Tenth Circuit or what should we do? Yes. Yes. If the Court reaches the question of whether or not a creditor's self-interest bars it from recovering under 11 U.S.C. 503b, 3d, then, yes, it should join with the Third and the Tenth Circuit in making that conclusion. Thank you. Thank you. Good morning, Your Honors. Victoria Kauffman together with my colleague Joseph Eisenberg of Jeffer Mangels Butler & Marmereau on behalf of Appellee's Don Price and Channel Communications. Your Honors, I'm going to start with the issue of who's a creditor because I think that Mr. Trager has misrepresented the record and the facts in this matter. Well, would you agree that the simple fact of filing a claim does not necessarily make you a creditor? I would disagree, Your Honor. What if Mickey Mouse filed a claim? Well, then Mickey Mouse, properly under Section 502 of the Code, a claim in a properly filed proof of claim is deemed allowed unless there is an objection. And what the debtor did here is dispute the claim. It did not file an objection to the claim. And, in fact, that's noted, first of all, in Mr. Eisenberg's response. What's the stipulation say? There is no need to formally object. There's a – well, what happened was during the confirmation hearing that the debtor was concerned that Channel and Price would share in the distribution to creditors. And they wanted to make it clear that that was not going to happen because under the plan, Channel and Price waived the right to collect on their claim. So what happens in the record, and this is in tab K in Appellant's Excerpts of Record, is that Mr. Eisenberg says, we acknowledge that notwithstanding that the debtor has failed to file objections, that the debtor disputes those claims. And the Court says, okay. And what that is – and the important point here, Your Honors, is that because a claim is disputed does not mean that a person is not a creditor. Under Section 502. Sotomayor, is that the equivalent of an objection when you dispute a claim? No, that's not the same, Your Honor, respectfully. An objection is when you file something in writing with the court noting that you have an objection and then it is adjudicated by the court to have it disallowed. Here what happened was – Just a minute. Stop there. That's why I asked the question. There's nothing in the record that I find that there was such a contest or there was a disallowing. Right. You might say, I don't agree with the claim and I don't – and I disputed, but it was never disallowed. Right. And that's something that Judge Rivlin noted in her Memorandum of Decision dated June 22, 2001, which is in the record at tab G and in the Appellant's Excerpts of Record. And what Judge Rivlin notes is that I must conclude that Channel and Price are creditors, having filed a joint proof of claim to which no objection was raised. Now, and I want to get back to the sections of the Bankruptcy Code because they're so important here. Section 10110 of the Bankruptcy Code provides that a creditor is the holder of a claim. And then we turn to Section 1015 of the Bankruptcy Code, which states that a claim includes a disputed claim. So even if Price is a holder of a disputed claim, he is still a creditor. What's also very important is we have two appellees in this situation, Your Honors. We don't just have Price. We have Price and Channel. And Judge Rivlin found that they were both responsible for a substantial contribution. Her order awarding the administrative expenses, which is in tab I to Appellant's Excerpts of Record, or actually tab H, notes, it is hereby ordered that Channel Communications and John Price are jointly entitled to an administrative claim in the amount of $206,317 based upon their substantial contribution. And the contribution was not simply the funding of the plan, although that was important. The contribution was the fact that they formulated a plan, they filed the plan, and they litigated confirmation of the plan over a 10-day contested confirmation trial with witnesses and exhibits from here to there and Mr. Eisenberg cross-examining people. And that was the important contribution, not simply the funding of the plan, but  the fact that they were both responsible for a substantial contribution. And there can be no doubt that this plan was substantial, constituted a substantial contribution for several reasons. First, it resulted in the settlement of litigation, a resolved litigation. Second, it provided that all creditors were paid in full. Third, it even paid the attorneys who objected to confirmation of the plan in full, because, as we know, the debtor stridently opposed confirmation of the plan. And fourth, it even provided a substantial balance to the equity holder. Now, this is in the context of Judge Riblett's finding that absent this plan, the debtor had no plan in prospect. And Judge Riblett discusses that in her memorandum of decision as to why she awarded the administrative expenses that are at issue here. And what Judge Riblett says, and this is in the memorandum, it is apparent to the court that Channel and Price, Channel and Price again, made a substantial contribution to the reorganization effort. Price and Channel, along with AT&T, provided the only reorganization option in prospect. The debtor had demonstrated itself incapable of reorganization without the sizable cash infusion provided by the plan proponents. Asking creditors to wait for payment from a possible outcome in the debtor's lawsuit was unreasonable, and the outcome speculative. What we had in this, Your Honor. Counsel, was this all in the self-interest of your clients? Your Honor, certainly it did benefit our clients, but the test in the Bankruptcy Code in Section 503, the concept of motivation of the creditors is irrelevant. First of all, we have to look at the plain meaning of Section 503, and conspicuously absent from that section of the Bankruptcy Code is any discussion of the motivation of a creditor. Do we discredit what the Third and the Tenth Circuit tell us? Well, first of all, we favor what the Fifth and the Eleventh Circuit tell us, the Fifth Circuit and DP Partners and the Eleventh Circuit and Celotex. And the rationale is, first of all, the plain meaning of the statute, which the United States Supreme Court has reminded us time and again is very important, as most recently as January of this year in Lamey v. United States Trustee, where the Supreme Court says, you look at the plain meaning of the statute and you do not graft onto the statute words that are not there in order to interpret it. And so in Lamey v. United States Trustee, the Court said, look at the words in the statute. If the word is not there, you can't incorporate it. In 503, the provision says, a court shall award administrative expenses to a creditor who makes a substantial contribution. Substantial contribution is a benefit to the estate under the Ninth Circuit's holding in Christian Life Center. If I remember the sequence here, had not this, any plans of reorganization had failed when these folks stepped in. Everybody won in the end, but if they had not come in, everybody would have lost. Right. There would have been a litigation over the disputed claim. Right. That's exactly what. And as to the disputed claim, help me here. As I understand this disputed claim, we don't know what the merits are because it was never litigated. It was never allowed or disallowed. It just went away with the reorganization. It kind of became part of the reorganization and went away. So whether or not it was going to prevail one way or the other was not important, but it had never been disallowed. So that's the way I would quote. It was never disallowed. And one thing, I want to first of all note that we do not agree that John Price was not a party to the contract. If you look in tab A of Appellant's excerpt of record at page 30, which has the contract, you will see signature line 4, John Price individually, as well as channel communication. So this argument that John Price was not a party to the contract is not even accurate. But even assuming that there was no breach of contract, the point is that a disputed claim, a holder of a disputed claim is still a creditor unless the claim has been disallowed. Here, the Court never disallowed the claim. What happened was that Channel and Price said, in accordance with the plan, which the Court confirmed, we waive our right to distribution with respect to this claim. However, we preserve our right to collect our administrative expenses under Section 503B of the Bankruptcy Code, should the Court agree that we have made a substantial contribution. You want to save your ---- I don't think I get a save. I think I'm ---- You get a save. This is my only chance. Oh, that's right. That's right. So to sum up your ---- I'll quit being a clock walker. No, I know you have a lot of things to get through today, and I don't want to hold you up. I want to summarize, Your Honors, that based on the record here, it's clear that John Price was a creditor. There's no dispute that Channel was a creditor. Channel was listed in the debtor's schedules of liabilities, which are included in Apelli's excerpts of record at tab A, where it shows that Channel is listed as a creditor in the amount of $58,000. So Channel definitively was a creditor and tied to an administrative expense award, which was joint. And so not only do we have the fact that Channel and Price are creditors, we have the fact that they made a substantial contribution by any measure of the standard, and also their intent is irrelevant because what matters is what they did did not just benefit themselves. It benefited everyone. And so what they did did not take away from anyone. It increased the pool for everybody, and that's the whole purpose of Section 503. But if you as a creditor make a meaningful contribution, where you help other creditors, it doesn't matter why you did it. What matters is that you did it. And that's what happened here, Your Honor. And we're all, all the creditors of Spell 101 are very lucky because of the involvement of Channel and Mr. Price. And we believe that you should affirm both Judge Ridliff's award and Judge Stotler's decision affirming that award. If Your Honors have any questions, I'm happy to answer them. Thank you very much, Your Honors. Thank you. First, Mr. Price was not a party to the contracts. At tab A of the appellant's excerpts of record, page 1, it's the agency agreement, and it says right on its face that it's between Channel Communications, Inc. and 101 West Carrillo Street, Santa Barbara, that's their address, and Patrick Lowry, an individual doing business as Channel Direct. Mr. Price is not a party to that contract. The contract was later amended as pursuant to a settlement agreement, and that is also in the excerpts of record at tab A, page 21, and it says this addendum is entered into between Channel Communications, Inc. and Patrick Lowry. There is a signature line for Mr. Price individually. However, it's not signed by Mr. Price, and he's not a party to the contract. With regard to the objection to the claim, I think the record is quite clear that it was objected to despite the fact that no written objection was filed. You cannot, when there's an agreement between the parties during the contest, that we don't have to do that. I don't believe it's fair or the Court should hold us to that standard. So it's just because the written objection wasn't filed. Well, yeah, file a bankruptcy code. I mean, we can throw the code out, but until you get it disallowed, a disputed claim still qualifies as a credit under the code. Now, you want to talk about credit in the abstract, fine, but we're under the bankruptcy code, and you have to deal with the definitions in the code. And the code is supposed to be, you know, looked at holistically, and, you know, if there's an agreement between the parties and everybody agrees that this doesn't have to be done, doesn't that supersede what the code says? If we're at a hearing and Mr. Eisenberg says the fact that no objection has been filed should not be construed as an acknowledgment by the debtor that those claims are without dispute. So for the purposes of this proceeding, we're not going to make them go through the burden of now filing objections to the claim. Why? If they filed objections to the claim, that would have been litigated and there would have either been an allowance or disallowance, and that didn't happen. And the code clearly says that a disputed claim still qualifies as a credit for the purposes of why we're here, I think. I disagree, Your Honor, because under this particular circumstances, at the time that that agreement was made, the plan, everybody understood that if the plan was confirmed, there was no reason to determine whether the claim would be allowed or disallowed. It wasn't going to be adjudicated. If the plan was not confirmed, then we would go forward, we would file an objection to the claim, and it would be adjudicated, and we would – the first thing we would say is, Mr. Price, you can't recover under this claim because you're not a party to the contract. But because the plan was confirmed and the claim went away, to then say that magically Mr. Price becomes a creditor simply because he filed a claim that I don't believe is fair and is within the entire holistic view of the Bankruptcy Code. Counsel, if you're correct on that, Channel was a creditor. Yes. Channel was a creditor. It's not disputed. So we have to look to see what contribution Channel made to the overall business. That's true. You have to see what contribution Channel made. But extensive participation in a bankruptcy proceeding is not sufficient to determine whether or not a substantial contribution is made. In the letter brief which Channel filed, they cited In Re Howell Campgrounds Inc., and the Court stated right in that agreement that, you know, activities which are merely duplicative of other activities taken within the case are not sufficient to come within the exacting standard of being deemed to be a substantial contribution. The only substantial contribution which identified in the record as being made is the contribution of the $2 million. That's the only substantial contribution that the Court found was made by anybody. And what Judge Riblet said was, I find that, you know, the funding, the $2 million by Price and Channel is a substantial contribution. The problem with that finding is it is factually erroneous because Channel did not make the funding. They had – Channel admitted that in the reply brief that it filed in this administrative proceeding. And that finding is at Exits of Record, tab F, page 59. And that's the only substantial contribution that the Court found was made by anybody.  Thank you, Your Honor. You want to wrap it up because you're over your time. Thank you, Your Honor. I would ask that the Court reverse the bankruptcy court and the district court. Thank you very much. Thank you. The matter will stay as submitted. We'll come to number three, King v. Siegel.
judges: B. Fletcher, Pregerson, Brunetti